MORRIS MASSEY v. STATE.

No. A-8708.   Aug. 17, 1934.
Rehearing Denied Oct. 2, 1935.
(49 Pac. [2d] 812.)

Thos. W. Mayfield, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul W. Updegraff, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereafter called defendant, was convicted in the district court of Cleveland county of the offense of obtaining property by false pretenses, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years.   Defendant was jointly charged with one R. R.

Rollins; a severance was granted and defendant only placed on trial in the case at bar.

Defendant's principal contention is that the evidence is insufficient to support the verdict of the jury.

The evidence of the state is that one R. D. Robey was the owner of a grocery store at Norman, Okla.; that R. R. Rollins was a long-time acquaintance of Robey; that Robey had suffered an attack of paralysis, and, being in failing health, desired to sell his store; that he approached Rollins to find him a buyer; that on the next day Rollins brought defendant to his store and introduced him as a "millionaire oil man" of Oklahoma City; that, after a perfunctory examination of the stock, it was agreed that defendant would pay $600 to Robey and assume approximately $950 of accounts due wholesale dealers; that Rollins had a contract prepared and returned to Robey's store with defendant, at which time Robey was induced to sign the contract, defendant telling him that he could not pay him the money for ten days, until they could check up who he owed for merchandise; that the Bulk Sales Law (St. 1931, § 10014 et seq.) required the purchaser to withhold the purchase price for ten days; but that he would give him a note for $600, which Rollins represented to be as good as the money; that immediately on the signing of the contract defendant entered into possession of the store, leaving Rollins and one Knox to run it for him; that immediately the price of all goods was cut very much below the wholesale cost, and a continued effort for one week made to turn the stock of goods into cash; that during the week a large amount of goods was carried away by Rollins; that on Sunday evening defendant aided in removing a large amount of goods from the store, loaded them in a truck, and took them away; that on Monday, March 5th, when the store

was opened, it was discovered by Knox that almost all of the merchandise was gone; that Robey waited at the store all day for the defendant to show up and pay him the cash, but that he never came, and no payment was ever made; that the cash received from the sale of the merchandise went into the hands of Rollins, who was in charge for defendant; that no part of this money was ever paid to Robey nor to any of his creditors; that the false representations of defendant and Rollins was the moving cause of the transfer of the stock of goods by Robey to defendant; that Robey furnished defendant a list of his mercantile creditors and offered to notify them of the sale in compliance with the Bulk Sales Law, but defendant stated that was not necessary, as he lived in Oklahoma City and he would have his lawyer notify the creditors; that no notice was ever given to any of the creditors by defendant nor any serious effort made to carry out the terms of his contract of purchase.

This evidence is sufficient to establish the guilt of defendant beyond a reasonable doubt.

Defendant also contends the evidence is insufficient because the state failed to prove that the representations were the sole moving cause for obtaining the goods.

The record discloses that Robey relied on these representations and would not have delivered the goods had they not been made.

No fundamental error appearing, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.